Jones, J.
There is a wide divergence of view in the various jurisdictions of this country as to the liability of charitable organizations, to which it is not necessary to allude. Whatever may be the principle adopted in this and other states as to the liability of such associations in general, it is evident that here in Ohio the legislature has taken cognizance of this particular association, and has, by strong implication, recognized its liability to suit, in the legislation contained in the chapter affecting cemetery associations of the character here involved, whether purely charitable or otherwise. This legislation provides for the organization of such associations, for the acquisition and location of burial grounds, for the application of income and receipts, and for specific exemptions from execution.
Section 10093, General Code, provides: “A company or association incorporated for cemetery purposes may appropriate or otherwise acquire and hold, not exceeding one hundred acres of land; also, take any gift or devise in trust for cemetery pur *30 poses, or the income from such gift or devise according to the provisions of such gift or devise, in trust, all of which shall be exempt from execution, from taxation, and from being appropriated to any other public purpose, if used exclusively for burial purposes, and in no wise with a view to profit.”
When, therefore, the legislature has thus provided, in this or other sections of the General Code, for specific exemptions of one or more classes of property, it thereby impliedly excludes any other property from exemption. The maxim expressio unius, exclusio alterius applies. The fact that the legislature has provided when exemptions may or may not be had from execution indisputably shows that it did not intend to release these associations wholly from the payment of their civil obligations.
Counsel for plaintiff in error contend that Section 10109, General Code, provides a limitation as to the use which can be made of the funds of the cemetery association. The latter part of this section is as follows: “No part of the proceeds of land sold, or of the funds of such a company or association, shall ever be divided among its stockholders or lot-owners. All its funds must be used exclusively for the purposes of the company or association, as above herein specified, or invested in a fund the income of which shall be so used and appropriated.”
This section was only intended to apply to the application of the funds of the association by the officers entrusted with the control thereof and does not in terms exempt any of its property from civil liability as does the section first above quoted. In *31 the case of Donnelly v. Boston Catholic Cemetery Assn., 146 Mass., 163, 166, a similar provision to the Ohio statute last quoted was found in the Massachusetts statute. In that case Judge Holmes declined to hold that the provision of the Massachusetts statute exempted the property of said association from ordinary civil liabilities.
We hold, therefore, that when the legislature of Ohio assumed to exercise control over the manner of acquisition and the safeguarding of the property of these associations it impliedly recognized their civil liability for a tortious act of the character here involved by providing the specific exemptions from execution found in the chapter relating to cemetery associations. The judgments of. the lower courts are affirmed.

Judgments affirmed.

Nichols, C. J., Wanamaker, Newman, Matthias and Donahue, JJ., concur.
Johnson, J., dissents.